IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-171

| | | |
|---|---|---|
| ANNETTE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| DIVISION OF MENTAL HEALTH; | ) | |
| ALBEMARLE MENTAL HEALTH | ) | |
| CENTER FOR DEVELOPMENTAL | ) | |
| DISABILITIES AND SUBSTANCE | ) | |
| ABUSE SERVICES; SANDRA JORDAN | ) | |
| LEIGH; KIRBY PARKER; MIRIAM | ) | |
| SWAIN; TELONNA HINTON; TRACY | ) | |
| ETHRIDGE ("AMY ETHRIDGE"); AND | ) | |
| LATISSA GIBBS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' Motion to Appoint Counsel, Defendants'[1] Motions to Dismiss for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6), and the Court's *sua sponte* dismissal for lack of jurisdiction. For the reasons stated below, this case is DISMISSED for lack of jurisdiction and the remaining motions are MOOT.

I.  MOTION TO DISMISS

---

[1] Note that the Defendants who filed Motions to Dismiss are: North Carolina Department of Health and Human Services, Division of Mental Health ("DHHS"), Albemarle Mental Health Center for Developmental Disabilities and Substance Abuse Services ("AMHC"), and Latissue Gibson.

Plaintiff has failed to show that this Court has jurisdiction over Defendants and, accordingly, the case is DISMISSED. It is well settled that "the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist."[2] In addition, this Court must raise the issue of subject matter jurisdiction *sua sponte* and deny its own jurisdiction where appropriate.[3] In order for this Court to have jurisdiction, Plaintiff must show one of four things: (1) Plaintiff is the U.S. Government; (2) Defendant(s) is the U.S. Government; (3) the case arises from a federal question; or (4) the parties have diversity jurisdiction.

First, Plaintiff in this case is an individual, not the U.S. Government.[4] Second, none of the defendants in this case are the U.S. Government. Third, no federal question jurisdiction is apparent from the face of the complaint. Fourth, Plaintiff, DHHS, AMHC, and Latissue Gibson[5] all resided in North Carolina at the time the action was filed, so no diversity jurisdiction exists.

In addition, Plaintiff has failed to meet her duty of providing facts from which the Court can find jurisdiction as to the remaining defendants. Accordingly, because the U.S. Government is neither the plaintiff nor the defendant, because no federal question exists, and because the parties resided in the same state at the time the lawsuit was filed, this Court lacks jurisdiction over this matter and Defendants' Motion to Dismiss is GRANTED.

---

[2] *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Circ. 1999).

[3] *Mansfield, C.& L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884) (no subsequent relevant negative history).

[4] Note that Plaintiff indicated that jurisdiction existed in her Compliant because the Plaintiff was the U.S. Government.

[5] Note that the Complaint names "Latissa Gibbs." However, no such person exists at DHHS and Defendants presumed that Plaintiff meant Latissue Gibson.

Case 4:08-cv-00171-BO   Document 19   Filed 11/06/08   Page 2 of 3

II. CONCLUSION

Plaintiff failed to meet her burden of showing that this Court has subject matter jurisdiction. Because this court lacks jurisdiction over the matter, the remaining motions are MOOT.

SO ORDERED, this 5 day of November 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-3-